UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
| | ) No. 3:19-cr-00253 |
| ANTRON LEWIS, | ) Judge Marvin E. Aspen |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

This is a supplementary memorandum to the sentencing order entered orally on September 23, 2020, in which we set forth the reasons why we imposed a consecutive sentence.

Defendant Antron Lewis pleaded guilty to threatening to assault or murder a federal law enforcement officer (Count I) and assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal law enforcement officer (Count II) in violation of 18 U.S.C §§ 111(a) and 115(a)(1)(B). We sentenced Defendant to 33 months' imprisonment for each count, to run concurrently with each other, and to run consecutively to Defendant's sentence for violation of supervised release in *USA v. Lewis*, 3:11-cr-00248, Dkt. No. 107. (*See* Dkt. No. 41.) Following his term of imprisonment for the two counts, Defendant will have two years of supervised release for each count to run concurrently with each other. (*Id*.) Defendant will also be required to pay the mandatory special assessment. (*Id*.) In reaching our decision, we considered all materials submitted by the probation office, the government, and Defendant, as well as statements made during the September 23, 2020 sentencing hearing.

### A. The Imposition of a Consecutive Sentence

The Sentencing Guidelines prescribe a range of 33 to 41 months for Defendant's crimes. (*See* Dkt. No. 34 at 1.)[1] The Probation Department has recommended, and the government has agreed, that Defendant should be sentenced to 38 months, running *consecutively* to the revocation sentence imposed in *USA v. Lewis*, Case No. 3:11-cr-00248. (*See* Dkt. No. 34 at 1.) Defendant argued that he should be sentenced to 31 months, running *concurrently* with the sentence imposed in *USA v. Lewis*, Case No. No. 3:11-cr-00248, with credit for time served since he was sentenced in that case, stemming back to September 11, 2019. (Dkt. No. 27 at 4–5; Dkt. No. 28 at 3, 5.)

In their papers, the parties disagreed as to whether U.S.S.G. § 5G1.3(b) or (d) applies to the instant case; however, during oral argument, both parties agreed that U.S.S.G. § 5G1.3(d) applies. We agree with the parties that § 5G1.3(d) applies. Section 5G1.3(d) provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Accordingly, in this case, we have discretion as to whether to impose a sentence for Counts I and II that runs concurrently, partially concurrently, or consecutively with the sentence imposed in *USA v. Lewis*, Case No. 3:11-cr-00248.

We have concluded that a consecutive sentence is appropriate. To begin, we find persuasive, but not binding, the Sentencing Commission policy statement found in U.S.S.G. § 7B1.3(f) ("Revocation of Probation or Supervised Release")[2] and Application Note 4 of

---

[1] Defense counsel agreed with this calculation during the September 23, 2020 hearing.
[2] District courts "'must consider § 7B1.3(f) when it is applicable….'" *United States v. King*, 914 F.3d 1021, 1025 (6th Cir. 2019) (quoting *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011)).

U.S.S.G. § 7B1.3, which state, respectively:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run *consecutively* to any term of imprisonment imposed upon revocation.

U.S.S.G. § 7B1.3, cmt. n. 4 (emphasis added). The Sentencing Guidelines recommend consecutive sentences where a defendant is sentenced for a criminal offense that is imposed after a revocation of supervised release, even where there is overlap between the conduct underlying the revocation and the criminal offense. *See* U.S.S.G. § 7B1.3(f); U.S.S.G. § 7B1.3, cmt. n. 4. Such is the case here.

Defendant argued that a consecutive sentence would be unduly punitive and would violate the double jeopardy clause of the U.S. Constitution because Defendant has already been sentenced to a term of 30 months for his violations of supervised release; the 30-month sentence was predicated, at least in part, on the commission of the crimes charged here; and his sentence would not have been as lengthy if not for the conduct charged here. (Dkt. No. 27 at 2–4.)

We acknowledge that there is factual overlap between the conduct that led to Defendant's sentence in *USA v. Lewis*, Case No. 3:11-cr-00248, and the instant case. However, Defendant was punished for numerous violations in *USA v. Lewis*, Case No. 3:11-cr-00248, in addition to the conduct at issue in this case, including, but not limited to, committing additional crimes (*e.g.*,

3

simple possession/casual exchange, in violation of T.C.A. 39-17-418), unlawful use of controlled substances, and failure to complete a program of drug testing and substance abuse treatment. *See USA v. Lewis*, Case No. 3:11-cr-00248, Dkt. Nos. 102 and 107. Further, none of the conduct in Count II of the instant case was considered by the court in *USA v. Lewis*, Case No. 3:11-cr-00248, when issuing its sentence for the violations of supervised release. *Id*.

Moreover, the sentence imposed in this case is intended to address a different harm than was addressed in *USA v. Lewis*, Case No. 3:11-cr-00248. A sentence for a violation of supervised release is effectively part of the sentence for the crime of which Defendant was originally charged and convicted. *See Johnson v. United States*, 120 S.Ct. 1795, 1801 (2000) (attributing "postrevocation penalties to the original conviction"); *United States v. Wheeler*, 330 F.3d 407, 411–12 (6th Cir. 2003) (observing that postrevocation penalties should be attributed to the original conviction "even if, as in this case, the acts underlying a revocation are criminal in their own right or the basis for separate prosecution"). In this case, that means that the sentence that Defendant received in *USA v. Lewis*, Case No. 3:11-cr-00248, relates back to the crime for which he was originally convicted. The sentence imposed here is intended to punish two new crimes that Defendant committed while on supervised release.

District courts of the Sixth Circuit have consistently imposed, and the Sixth Circuit Court of Appeals has affirmed, consecutive sentences where a defendant has committed crimes while on supervised release or parole, even where there is some factual overlap between the crimes committed and the violations of supervised release. *See, e.g., United States v. Burton*, 802 Fed App'x 896, 908–10 (6th Cir. 2020); *King*, 914 F.3d at 1024–26.[3] In *Burton*, the Sixth Circuit

---

[3] This approach is also consistent with the approach taken in other circuits. *See, e.g.*, *United States v. Fernandez*, 749 Fed. App'x. 48, 49–50 (2nd Cir. 2018). In *Fernandez*, the Second Circuit held that "the district court had discretion to impose a sentence [for violation of

4

affirmed a sentence requiring the defendant to serve his federal sentence consecutively to a state sentence for a parole violation where defendant contended that the state parole violation and federal offenses stemmed from the same course of conduct. *See Burton*, 802 Fed App'x at 908–10. In *King*, the Sixth Circuit affirmed a sentence requiring the defendant to serve a sentence for supervised release violations consecutively to a sentence for federal drug crimes where the defendant had committed federal drug crimes while on supervised release, and the federal drug crimes were listed among other violations in a supervised release violation report considered by the court prior to sentencing. *See King*, 914 F.3d at 1024–26. Accordingly, the imposition of a sentence here, to run consecutive with the sentence in *USA v. Lewis*, Case No. 3:11-cr-00248, is not unfair, excessive, or violative of the double jeopardy clause.

IT IS SO ORDERED.

      *Marvin E. Aspen*
Honorable Marvin E. Aspen
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2020

---

supervised release] to run consecutively to the undischarged state sentence of imprisonment, and there was no procedural error in doing so" where the state offense was the basis of the violation of supervised release. *Id*.